

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00113-CR

## IN RE MARQUISE D. HODGE

## Original Proceeding

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 44293CR

## MEMORANDUM OPINION

Relator's petition for writ of mandamus and prohibition, filed on May 25, 2021, is denied.[1]

Relator also presented within his petition a motion for leave to file his petition for writ of mandamus. A motion for leave to file a petition for writ of mandamus is required when relief by mandamus is sought from the Court of Criminal Appeals. TEX. R. APP. P. 72.1. The requirement for leave to file a petition for writ of mandamus at the court of

---

[1] There are procedural problems with the petition in this proceeding, such as no service on the trial court judge as the respondent and the State as the real-party-in-interest, no certification, and no certified or sworn-to copy of the order or orders complained of as required by the Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.5 and 52.3(j), (k)(1)(A). However, to expedite this decision, we use Rule 2 to suspend the operation of these rules. TEX. R. APP. P. 2.

appeals level was eliminated in 1997. *See* Tex. R. App. P. 52, Notes and Comments. Thus, under the applicable rules, if mandamus relief is sought from an intermediate court of appeals, such as the Tenth Court of Appeals, a motion for leave to file the petition is unnecessary. The petition was filed without regard to the motion for leave to file it. Accordingly, the motion for leave to file a petition for writ of mandamus is dismissed as moot. *See In re Dawson*, 10-19-00427-CR, 2019 Tex. App. LEXIS 10725 (Tex. App.—Waco Dec. 11, 2019, orig. proceeding) (not designated for publication).[2]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Davis[3]
Petition denied
Motion dismissed
Opinion delivered and filed June 23, 2021
Do not publish
[OT06]



---

[2] To the extent relator's motion for leave also requests permission to file one copy of the petition, that request is granted. However, relator is not relieved of the obligation to serve his petition on the respondent and the real-party-in-interest as required.

[3] The Honorable Rex Davis, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* Tex. Gov't Code §§ 74.003, 75.002, 75.003.